| | |
|---|---|
| 1 | ALEX G. TSE (CABN 152348) |
| | United States Attorney |
| 2 | SARA WINSLOW (DCBN 457643) |
| | Chief, Civil Division |
| 3 | CLAIRE T. CORMIER (CABN 154364) |
| 4 | Assistant United States Attorney |

ALEX G. TSE (CABN 152348)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
CLAIRE T. CORMIER (CABN 154364)
Assistant United States Attorney
    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5082
    FAX: (408) 535-5081
    claire.cormier@usdoj.gov

Attorneys for Defendant
United States Postal Service

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DOUGLAS F. CARLSON, | CASE NO. CV 17-6753 KAW |
| Plaintiff, | STIPULATION OF SETTLEMENT AND DISMISSAL AND [~~PROPOSED~~] ORDER |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Douglas Carlson ("Plaintiff") and defendant United States Postal Service (hereinafter the "Postal Service") as follows:

1. The parties do hereby agree to settle, compromise, and dismiss all claims in the above-captioned action ("this Action") under the terms and conditions set forth herein.

2. Within 10 business days of the date that the Court "so orders" this Stipulation, the Postal Service will provide to Plaintiff the names that were redacted from a 4-page document produced in response to the FOIA request that relates to Count 1 of this Action. A copy of the redacted document is attached hereto as **Exhibit A**.

STIPULATION OF SETTLEMENT AND DISMISSAL; [PROPOSED] ORDER
CASE NO. CV 17-6753 KAW

3. Within 10 business days of the date that the Court "so orders" this Stipulation, the Postal Service will provide to Plaintiff a declaration under penalty of perjury by the person who made the referral to the United States Postal Inspection Service ("USPIS") that resulted in the USPIS contacting Plaintiff. The declaration will state all reasons and considerations that contributed to the decision to make the referral, that it was oral and that therefore the referring party is not aware of documents showing the referral, whether the referring party received findings, updates, or conclusions back from USPIS on the subject, and whether any findings, updates, or conclusions were passed along to others. If any findings, updates, or conclusions were provided to the referring party, the referring party will include a description of such findings, updates, or conclusions in the declaration. If any such findings, updates, or conclusions were passed along to others by the referring party, the names of those who received the findings, updates, or conclusions will be provided. In addition, USPS will state whether or not the referring party is the redacted name from the document attached hereto as **Exhibit B**.

4. The Postal Service hereby confirms that the documents attached hereto as **Exhibit C,** not including the June 9, 2018 transmittal letter, are true and correct, redacted copies of documents prepared by members of USPIS. Within 10 business days of the date that the Court "so orders" this Stipulation, the Postal Service agrees to provide to Plaintiff the language redacted from the documents Plaintiff has marked as 8-1 and 8-3 where the only exemption noted was exemption 5.

5. Within 10 business days of the date that the Court "so orders" this Stipulation, the Postal Service will provide to Plaintiff a declaration under penalty of perjury summarizing the information collected with regard to why a Postal Service employee took a photograph of Plaintiff. The Postal Service affirms that this information was collected from a combination of documents prepared during the Postal Service's Legal Department investigation of the photography incident in 2015 and a more recent interview of the person to whom the photograph was sent, including her best recollection of the wording that accompanied the photograph. Based on the Postal Service's investigation of this matter, it is the understanding of the Postal Service that the photograph was taken on, and sent from and to, only personal devices, not Postal Service devices, and that the text and photograph were deleted shortly after being sent and received.

6. Within 30 business days of the date that the Court "so orders" this Stipulation, the Postal Service will pay to Plaintiff the sum of $400 as reimbursement of Plaintiff's filing fee for this Action. A check for $400 will be mailed to Plaintiff at PO Box 191711, San Francisco CA 94119-1711.

7. By signing this Stipulation, Assistant U.S. Attorney Claire T. Cormier affirms that information she provided to Plaintiff in an email dated August 13, 2018 with the subject line "Carlson v. USPS - representations for settlement stipulation" accurately describes actions she undertook relating to this action. By signing this Stipulation, USPS Chief Privacy Officer, Janine Castorina, affirms that she investigated what information was withheld from the documents that were the subject of Count 15 of this Action and that, after the investigation, she determined that the withheld information was not related to collections.

8. All information provided to Plaintiff pursuant to this Stipulation, or previously provided during the settlement negotiations leading to this Stipulation, is and was provided with the express understanding and agreement that providing the information does not create a waiver of any protection or privilege for any other information in the possession of the Postal Service. Moreover, any information provided pursuant to this Stipulation is not an admission on the part of the Postal Service that any information was improperly withheld. This includes but is not limited to documents and information provided to Plaintiff relating to Counts 4, 5, 6, 8, and 12 during July 2018.

9. Plaintiff hereby dismisses this entire Action with prejudice. Plaintiff hereby releases and forever discharges the Postal Service, the USPIS, any and all of their past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the processing of or the decisions relating to the FOIA requests at issue in this Action.

10. Plaintiff further agrees that he will not submit any further FOIA requests or file any court actions relating in any way to the January 11, 2015 Santa Cruz photography incident or the subsequent USPIS contact with or inquiry about him. This paragraph does not prevent Plaintiff from submitting FOIA requests or filing court actions relating to USPIS documents created after November 22, 2017, or USPIS actions that take place after November 22, 2017. This paragraph does not prevent Plaintiff from

submitting FOIA requests or filing court actions relating to documents created after the date the Court "so orders" this Stipulation.

11. Plaintiff agrees not to circumvent the limitation on FOIA requests, as stated in Paragraph 9, above, by requesting other persons to make requests on his behalf.

12. The parties acknowledge that neither this Stipulation nor anything contained herein shall constitute an admission of liability or fault on the part of the Postal Service, the USPIS, or their agents, servants, or employees. This Stipulation is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

13. This Stipulation may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this Stipulation.

14. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation.

15. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

16. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

17. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

18. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

IT IS SO STIPULATED.

Respectfully submitted,

DATED: August 20, 2018

ALEX G. TSE
United States Attorney

/s/
CLAIRE T. CORMIER
Assistant United States Attorney

STIPULATION OF SETTLEMENT AND DISMISSAL; [PROPOSED] ORDER
CASE NO. CV 17-6753 KAW

DATED: August 20, 2018    UNITED STATES POSTAL SERVICE

/s/
By: JANINE CASTORINA
Chief Privacy Officer

DATED: August 20, 2018    /s/

DOUGLAS F. CARLSON
Plaintiff

## [~~PROPOSED~~] ORDER

Upon stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED THAT this Action is hereby dismissed with prejudice on the terms described in the above agreement between the parties.

IT IS SO ORDERED.

Dated: _____8/21_____, 2018    _Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge